1841.

S.ffkin
v.
Manning.

SIFFKIN *vs.* MANNING.

Where the defendant demurred to a part of the complainant's bill and an-
swered the residue, and the demurrer was overruled; and the complain-
ant's solicitor inserted in the order overruling the demurrer, a provision
that the complainant have leave to except to the answer already put in,
if he wished to obtain a further answer to that part of the bill attempted
to be covered by the demurrer; *Held*, that the insertion of this provision
in the order did not deprive the complainant of the right to except to the
answer to that part of the bill which the demurrer did not profess to
cover.

Where the defendant's answer is accompanied by a plea or demurrer to a part
of the discovery sought by the bill, if the complainant excepts to the an-
swer before the plea or demurrer has been disposed of he admits the va-
lidity of the plea or demurrer.

If a plea or demurrer which is accompanied by an answer to any part of the
bill is overruled, the complainant should not take an order for a further an-
swer, but merely an order overruling the plea or demurrer, with costs;
and under this order, if the answer is impertinent, or if he wishes a further
answer, he may at any time within twenty days file exceptions to the
answer already put in, for insufficiency, or for impertinence, or for both;
so as to obtain a full and proper answer to the whole bill.

In case he does not except within the twenty days, or within such further
time as may be allowed by the court for that purpose, the answer already
put in will be deemed sufficient.

And where exceptions are filed, in such a case, they must be submitted to or
referred within the same time and in the same manner as exceptions to an
ordinary answer.

The same course of proceeding must be adopted, to obtain a full and perti-
nent answer to the part of the bill not covered by the plea or demurrer,
where such plea or demurrer has been allowed.

July 20.    THIS was an appeal from an order of the vice chancellor
of the first circuit, setting aside a part of the exceptions to
the defendant's answer.  The defendant demurred to a
part of the allegations in the complainant's bill and an-
swered some other parts thereof, and the demurrer was
overruled by the vice chancellor.  The complainant's soli-
citor, in drawing up the order, in addition to the usual di-
rection overruling the demurrer with costs, inserted an ex-
press provision therein that the complainant have leave to
except to the answer already put in, if he wished to obtain

a further answer to the part of the bill attempted to be covered by the demurrer. He thereupon filed seven exceptions to the answer; six for insufficiency and one for impertinence. When the exceptions were served on the defendant's solicitor, the latter gave notice that he considered the exception for impertinence and four of the exceptions for insufficiency as irregular, and not authorized by the order overruling the demurrer. But the complainant's solicitor insisted upon the regularity of his practice; and twelve days thereafter entered an order referring the exceptions to the exception master. The master having reported all the exceptions well taken, an application was made to the vice chancellor to set aside the exception for impertinence and four of the exceptions for insufficiency, for irregularity, with costs; which motion was granted.

*C. Edwards*, for the appellant.

*H. F. Clark*, for the respondent.

THE CHANCELLOR. Where the answer of the defendant is accompanied by a plea or demurrer to any part of the discovery sought by the bill, the complainant cannot except immediately to such answer, unless he means to admit the validity of the plea or demurrer; but must wait until the plea or demurrer has been argued and disposed of, and then file his exceptions both for insufficiency and for impertinence. (*Mitf. Pl.* 299. 2 *Dan. Ch. Pr.* 220, 301, and *Rule* 53.) Where a plea or demurrer, which is accompanied by an answer to any part of the bill, is overruled, the complainant, instead of taking an order for a further answer, as directed by the 49th rule of this court, should take an order overruling the demurrer, with costs, merely. Under such an order he may, at any time within twenty days, file exceptions to the answer already put in, either for insufficiency or for impertinence, or both; so as to obtain a full and proper answer to the whole bill. And if he does not except within twenty days, or within such

1841.

*Siffkin*
*v.*
*Manning.*

further time as may be allowed by the court for that purpose, the answer before put in will be deemed sufficient. But if exceptions are filed, they must be submitted to or be referred within the same time and in the same manner as exceptions to an ordinary answer. The same course of proceeding, substantially, is to be adopted for the purpose of getting a full and pertinent answer to the part of the bill not covered by the plea, or demurrer, where such plea or demurrer has been allowed upon argument thereof.

There could not, therefore, have been any doubt as to the regularity of any of the exceptions in the present case, if the complainant had not inserted in his order of the 29th of July, 1840, the clause expressly authorizing him to except "if he wished to obtain a further answer to the part of the bill which was attempted to be covered by the demurrer." But as it is, I think the vice chancellor erred in supposing this express reservation of liberty to except deprived him of the right which he would have had in case no such reservation had been contained in the order. The extent of the restriction which could be legitimately implied from this clause of the order was that he should not except to the answer, either for insufficiency or impertinence, unless some of his exceptions related to the matters attempted to be covered by the demurrer.

The order appealed from must therefore be reversed, with costs; and the motion of the respondent to strike out the exceptions must also be denied, with costs.